THE STATE OF OHIO, APPELLANT, *v.* MARTIN, APPELLEE.

(No. 78-211—Decided December 6, 1978.)

208

*Mr. Stephan M. Gabalac*, prosecuting attorney, and *Mr. Marc R. Wolff*, for appellant.

*Blakemore, Rosen & Norris Co., L. P. A.*, and *Mr. Robert C. Meeker*, for appellee.

*Per Curiam.* The solitary issue presented is whether the failure to bring appellee to trial within 90 days was a

denial of a speedy trial as defined in R. C. 2945.71(D), necessitating his discharge pursuant to R. C. 2945.73. R. C. 2945.71, in relevant part, provides:

"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"(D) For purposes of computing time under divisions * * * and (C) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

The Court of Appeals found that the appellee was entitled to a discharge, since he was not brought to trial within 90 days. Appellant, relying on *State* v. *MacDonald* (1976), 48 Ohio St. 2d 66, contends that the judgment of the Court of Appeals was in error.

In *State* v. *MacDonald, supra,* the court, in the first two paragraphs of the syllabus, stated as follows:

"1. R. C. 2945.71(D) is applicable only to those defendants held in jail in lieu of bail solely on the pending charge.

"2. R. C. 2945.71(C) is the appropriate time limit for felony trials in cases in which the accused is not entitled to the triple-count provision of R. C. 2945.71(D)."

The Court of Appeals found *State* v. *MacDonald, supra,* to be distinguishable, on its facts, from the instant cause and thus not controlling. Appellee also asserts that this cause is distinguishable, premised upon a claim that the probation violation is totally dependent upon a determination of the criminal charges. Appellee suggests that a dismissal of, or an acquittal on, the criminal charges would mean that there is no conduct upon which the probation revocation could be based. We acknowledge a factual deviation from that presented in *State* v. *MacDonald, supra.* In that case the defendant was held on a federal conviction as well as the pending state criminal charges. In the instant cause, appellee was in jail on a probation violation

and pending state criminal charges. However, we are not persuaded that this factual distinction affects the applicability of *State* v. *MacDonald, supra,* to the instant cause.

In *State, ex rel. Gordon,* v. *Zangerle* (1940), 136 Ohio St. 371, 376-7, this court commented on the nature of probation as follows:

"* * * Probation, however, merely grants grace to the guilty person with the evident purpose of helping him to reform; yet the probated offender is still under surveillance although at large. He is not a free man; he is subject to the restraints and conditions imposed by the court during the period of his temporary freedom. * * * Yet in soundness the probationary period may be compared to a sentence term, as each is in reality an expiation of the crime. * * *"

In the instant cause, appellee, as a probated offender, was subject to specific restraints and conditions because of a prior conviction. The probation violation holder was imposed upon appellee because he had apparently violated the terms of his probation. The adjudication of this probation violation was a separate cause with another judge and a different scope of inquiry. Revocation turned upon the finding that appellee had violated a condition of his probation. The violation of any condition of appellee's probation could have resulted in the issuance of the probation violation holder and his incarceration. The mere fact that appellee's activity was criminal and, therefore, also a violation of his probationary restrictions does not inextricably intertwine these two proceedings as claimed by the appellee. The failure to prosecute the appellee on these criminal charges would not bar the use of these offenses as the grounds for the revocation of his probation. *Kennedy* v. *Maxwell* (1964), 176 Ohio St. 215. Furthermore, although not presented in the instant cause, a majority of states which have addressed the issue have found that an acquittal in a criminal prosecution does not preclude revocation of parole or probation on the same charge. *In re Coughlin* (1976), 16 Cal. 3d 52, 127 Cal. Rptr. 337, 545 P.

2d 249; *Brimhall* v. *Turner* (1972), 28 Utah 2d 321, 502 P. 2d 116; *Standlee* v. *Smith* (1974), 83 Wash. 2d 405, 518 P. 2d 721. See, also, *Rubera* v. *Commonwealth* (Mass., 1976), 355 N. E. 2d 800, and *Stone* v. *Shea* (1973), 113 N. H. 174, 304 A. 2d 647 (the courts respectively held therein that a conviction by an inferior court that is appealed to a higher court for a trial *de novo* may constitute the basis for the revocation of probation on an earlier conviction).

In *State* v. *MacDonald, supra,* this court held that R. C. 2945.71(D), the triple-count provision, was not applicable where the defendant had not been held *solely* on the pending charges and had not been held in lieu of bail solely on the pending charges. In the instant cause, appellee was not held solely on the pending criminal charges. He was also being held on the probation violation. Further, appellee was not held in lieu of bail on the pending criminal charges. Appellee did post bail on the criminal charges. This bail was, however, ineffectual because of the probation violation holder. Accordingly, we find that appellee was not entitled to the triple-count provision. Appellee, having been tried within the 270-day limitation imposed by R. C. 2945.71(C), the Court of Appeals erred in granting his discharge. *State* v. *MacDonald, supra.*

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

LEACH, C. J., HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

W. BROWN, J., concurs in the judgment only.