[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The first assignment of error is overruled, even though, for purposes of this appeal, we accept its premise that the trial court erred in refusing to allow William Satterfield, at his revocation hearing, to call as a witness the victim of the offenses that had given rise to the allegation that he had violated the conditions of his community control by failing to obey all laws.
Satterfield was also charged with failing to meet his financial obligations under the tenth condition of his community control. That condition required him to pay a fine and court costs. The record shows that Satterfield failed to make the required payments. His failure to make a good-faith effort to pay the fine and costs was a sufficient basis for the trial court to revoke his community control. See State v. Jackson (Feb. 17, 1993), Hamilton App. No. C-920301, unreported; State v. Dennis (Apr. 1, 1987), Summit App. No. 12751, unreported. The trial court had the discretion to revoke the community control upon the finding of a violation of any condition. See State v. Martin (1978), 56 Ohio St.2d 207,383 N.E.2d 585; State v. Umphries (June 30, 1998), Pickaway App. No. 97CA45, unreported. We hold that the trial court did not err in revoking the community control based upon Satterfield's failure to pay his fine and court costs.
The second assignment of error, which alleges that the trial court erred in sentencing Satterfield to consecutive terms of imprisonment for the community-control violation and for a felonious-assault conviction in another case, is also overruled.
A prison term that is imposed upon an offender who violates the conditions of community control must be imposed pursuant to R.C.2929.14. See R.C. 2929.15(B); State v. Jones (Dec. 17, 1999), Hamilton App. Nos. C-981007 and C-981008, unreported. R.C.2929.14(E)(4) provides the criteria for the imposition of consecutive sentences. The trial court must find that consecutive sentences are necessary to protect the public or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger he poses to the public. In addition, the court must find that the offender was under some form of court control when he committed the offenses, that the physical harm he caused was so great or unusual that a single term would not satisfy the seriousness factor, or that his criminal history indicates a need to protect the public. See State v. Smith (Sept. 17, 1999), Hamilton App. No. C-980887, unreported; State v. Stone (Feb. 26, 1999), Hamilton App. No. C-980382, unreported; State v. Williams
(Jan. 29, 1999), Hamilton App. Nos. C-980356 and C-980357, unreported; State v. Johnson (Oct. 23, 1998), Hamilton App. Nos. C-980013 and C-980014, unreported. When the trial court imposes consecutive sentences, it must make findings that support its decision. Id. The sentencing statutes do not "require talismanic words from the sentencing court" as long as the reasons for the sentence are apparent from the record. See State v. Parsons (Nov. 26, 1999), Hamilton App. No. C-980900, unreported; State v.Beasley (Mar. 26, 1999), Hamilton App. No. C-980535, unreported;State v. Williams, supra; State v. Taylor (Dec. 26, 1997), Hamilton App. No. C-961141, unreported.
In imposing consecutive sentences for the community-control violation and for the felonious assault, the trial court found that Satterfield (1) had viciously beaten the female victim of the felonious assault with a brick, causing serious physical harm; (2) was on community control at the time of the offense; (3) had prior unsuccessful probation or parole; (4) had a history of violent offenses; (5) was a "dangerous man"; (6) showed no remorse; and (7) posed a great risk for recidivism. Taking into consideration all these facts, we hold that the trial court made sufficient findings to impose consecutive sentences. We do not clearly and convincingly find that the record does not support the sentence.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.