JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Roy Butler, appeals his conviction and sentence issued in the common pleas court, criminal division. Upon our review of the arguments of the parties and the record presented, we affirm the judgment of the trial court for the reasons set forth below.
 {¶ 2} On November 24, 2003, a three-count indictment was returned against Butler ("appellant"). Count one charged him with felonious assault, in violation of R.C. 2903.11, a second-degree felony; count two charged him with aggravated robbery, in violation of R.C. 2911.01, a first-degree felony; and count three charged him with kidnapping, in violation of R.C. 2905.01, a first-degree felony.
 {¶ 3} At the time the crimes were committed, appellant was on parole pursuant to a conviction that occurred prior to Senate Bill 2. On November 17, 2003, a hearing was held and appellant was found to be in violation of his parole. His parole was subsequently revoked, and he was held in county jail pending trial in the case at bar. Appellant was arraigned on January 14, 2004 and pleaded not guilty to the above indictment.
 {¶ 4} In the following months, several pretrials were scheduled, but all were continued at appellant's request. On March 18, 2004, appellant waived his right to a speedy trial until April 1, 2004, and the matter was set for trial on March 30, 2004. However, on March 30, 2004, the scheduled trial could not go forward because the courthouse was closed due to a bomb threat. The matter was subsequently rescheduled and continued a few more times for various reasons.
 {¶ 5} On July 14, 2004, appellant filed a Motion to Dismiss for Abuse of Speedy Trial Rights, and he also executed a jury waiver. The trial court denied appellant's motion to dismiss, and a bench trial commenced on July 16, 2004. On July 19, 2004, the trial court found appellant guilty of misdemeanor assault, in violation of R.C. 2903.13, a lesser-included offense of felonious assault, and guilty of aggravated robbery and kidnapping, as charged in the indictment.
 {¶ 6} On September 2, 2004, a sentencing hearing was held, and the trial court imposed a sentence of three years imprisonment on each of counts two and three, to run concurrently. The trial court further sentenced appellant to six months imprisonment pursuant to count one, also to run concurrently with counts two and three. As outlined previously, appellant's parole was also terminated, and the trial court ordered the total three years imposed for the case at bar to run consecutively to the prison sentence imposed for his parole violation by operation of law.
 {¶ 7} Appellant now files this timely appeal asserting six assignments of error.[1]
 Sufficiency and Manifest Weight of the Evidence {¶ 8} In appellant's first assignment of error, he contends that the state lacked sufficient evidence for a conviction. A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31,45, 102 S.Ct. 2211, 2220, 72 L.Ed. 2d 652, 663, citing Jacksonv. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed. 2d 560. However, a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case.State v. Trembly (2000), 137 Ohio App.3d 134, 139, citingCohen v. Lamko (1984), 10 Ohio St.3d 167, 462 N.E.2d 407. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443, U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560, followed.)" State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph 2 of the syllabus. See, also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.
 {¶ 9} The evidence presented in this case is more than sufficient to support a conviction. Appellant was convicted of misdemeanor assault, aggravated robbery and kidnapping. At trial, the state presented evidence that on the night in question, appellant forcibly entered the victim's home by kicking in the door. Appellant proceeded to the victim's bedroom where he attacked him while he was sitting on his bed. Appellant then forced the victim into the bathroom and ordered him to stay there. The victim testified that, while detained against his will in the bathroom, he was able to crack open the door to observe the appellant going through some of his items around where he kept a key to his safe. When appellant saw the victim peeking out through the bathroom door, he grabbed a curtain rod and proceeded to repeatedly strike the victim with it. He then ordered the victim to go back into the bathroom and keep the door closed and threatened to kill him if he did not. The victim was eventually able to escape, at which time he saw the appellant leave with the curtain rod used to assault him. The victim also noted that several valuables were missing, including the key to his safe.
 {¶ 10} Viewing this evidence in a light most favorable to the prosecution, a rational trier of fact could have found the appellant guilty beyond a reasonable doubt. Thus the conviction was supported by sufficient evidence.
 {¶ 11} The appellant further argues in his second assignment of error that his conviction was against the manifest weight of the evidence. Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel.Squire v. City of Cleveland (1948), 150 Ohio St. 303, 345.
 {¶ 12} The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. The United States Supreme Court recognized these distinctions in Tibbs v. Florida (1982), 457 U.S. 31, where the court held that unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43.
 {¶ 13} Upon application of the standards enunciated inTibbs, the court in State v. Martin (1983),20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 14} "There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
 {¶ 15} It is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230. Hence we must accord due deference to those determinations made by the trier of fact. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v. Eley (1978),56 Ohio St.2d 169.
 {¶ 16} As discussed above, the evidence presented in this case was legally sufficient to support the conviction. The trial court heard all the testimony and reviewed the physical evidence and found that the evidence supported the victim's testimony. The door was in a state consistent with being kicked in. Evidence of the victim's blood on his bed and the injuries he sustained were also consistent with his testimony of the events. Also, his valuables were missing. Taking all the pertinent evidence into consideration, the trier of fact in this case could have reasonably concluded that the state proved each element of the offenses beyond a reasonable doubt. There is no indication that the trial court lost its way; therefore, appellant's conviction was not against the manifest weight of the evidence.
 Ineffective Assistance of Counsel {¶ 17} In his third assignment of error, appellant contends he was not afforded his constitutional right to effective assistance of counsel. In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Stricklandv. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Brooks (1986), 25 Ohio St.3d 144, 495 N.E.2d 407. Even debatable tactics do not constitute ineffective assistance of trial counsel, for it is obvious that nothing is seen more clearly than with hindsight. State v. Clayton (1980),62 Ohio St.2d 45, 49, 402 N.E.2d 1189. Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's error, the result of the trial would have been different. State v. Bradley (1989),42 Ohio St.3d 136, at 141, 142.
 {¶ 18} Here, appellant claims his trial counsel was deficient in failing to provide the prosecuting attorney with copies of letters, which led to their exclusion from trial; in failing to object to the introduction of medical records offered by the state; and in failing to call appellant's brother as a witness. However, none of these alleged deficiencies rise to the level of reversal on the grounds of ineffective assistance of counsel.
 {¶ 19} First, the letters referenced in this assignment of error insinuated that the victim had a homosexual interest in the appellant; appellant further alleged these letters show the victim was a scorned lover who lied about these crimes. However, appellant's trial counsel failed to provide the prosecution with these letters in a timely manner, and the trial judge excluded them from being offered into evidence. Even if trial counsel's failure here is held to be a deficiency, it still would not have changed the outcome of the bench trial; thus, it does not amount to inefficient assistance of counsel.
 {¶ 20} Letters aside, there was ample evidence presented to demonstrate the fact that the appellant and the victim had a close and passionate relationship prior to the incident. Inferences were also clearly made that a homosexual relationship existed between the two. Still, the trial court found the victim's testimony credible, particularly when viewed along with the physical evidence presented. Thus, there is no proof that the outcome would have been different but for this alleged deficiency by trial counsel.
 {¶ 21} As for appellant's other allegations, there is no proof that trial counsel's actions were in fact defective. The medical records referred to were admissible; thus, failing to object to their admissibility is not a deficiency in representation. Furthermore, whether or not to call a certain witness is a trial strategy. We cannot speculate as to what appellant's brother may or may not have testified to if trial counsel were to have called him as a witness. His testimony could have been detrimental to the defense; thus, counsel may not have wanted such testimony presented. For these reasons, we cannot hold that any of these alleged defects in representation rise to the level of ineffective assistance of counsel. Appellant's assignment of error here fails.
 Prosecutorial Misconduct {¶ 22} Generally, conduct of a prosecuting attorney at trial shall not be grounds for reversal unless said conduct deprives the defendant of a fair trial. State v. Apanovich (1987),33 Ohio St.3d 19, 514 N.E.2d 394; State v. Papp (1978),64 Ohio App.2d 203, 412, N.E.2d 401. An appellant is entitled to a new trial only when a prosecutor asks improper questions or makes improper remarks and those questions or remarks substantially prejudice appellant. State v. Smith (1984), 14 Ohio St.3d 13,14 Ohio B. 317, 470 N.E.2d 883. In analyzing whether an appellant was deprived of a fair trial, an appellate court must determine whether, absent the improper questions or remarks, the jury (or fact finder) still would have found the appellant guilty. Statev. Maurer (1984), 15 Ohio St.3d 239, 266, 15 Ohio B. 379,473 N.E.2d 768; State v. Dixon (Mar. 13, 1997), Cuyahoga App. No. 68338. The touchstone of due process analysis in cases of alleged prosecutorial misconduct is "the fairness of the trial, not the culpability of the prosecutor." State v. Philips (1982),45 U.S. 209 at 219, 71 L.Ed.2d 78, 102 S.Ct. 940.
 {¶ 23} A review of the proceedings below reveals no evidence that any alleged comment by the prosecution effected the "fairness of the trial." As noted, the appellant waived his right to a jury trial in this case, and a bench trial subsequently commenced. There is nothing in the record to indicate that the bench in its ruling was swayed in any way by any alleged improper comment made by the prosecuting attorney. Therefore, with the fairness of the trial intact, appellant's fourth assignment of error is found to be without merit.
 Speedy Trial Rights {¶ 24} The Sixth and Fourteenth Amendments to the United States Constitution, as well as Section 10, Article I of the Ohio Constitution, guarantee a criminal defendant the right to a speedy trial by the state. State v. O'Brien (1987),34 Ohio St.3d 7. In Barker v. Wingo (1972), 407 U.S. 514, 523,92 S.Ct. 2182, 2188, 33 L.Ed.2d 101, 112-113, the United States Supreme Court declared that, with regard to fixing a time frame for speedy trial, "[t]he States * * * are free to prescribe a reasonable period consistent with constitutional standards * * *." To that end, the Ohio General Assembly enacted R.C.2945.71 in order to comply with the Barker decision. See, also,State v. Lewis (1990), 70 Ohio App.3d 624.
 {¶ 25} R.C. 2945.71 states in pertinent part:
 {¶ 26} "(C) A person against whom a charge of felony is pending:
 {¶ 27} "* * *
 {¶ 28} "(2) Shall be brought to trial within two hundred seventy days after his arrest."
 {¶ 29} Conjunctively, R.C. 2945.72(E) provides that each day a defendant is held in jail on a pending charge shall be counted as three days towards the requisite speedy trial time of two hundred and seventy days. Thus the state, in that event, would have ninety days to satisfy a defendant's speedy trial rights. However, this statute applies only to defendants held in jail in lieu of bail solely on the pending charge. State v. Martin
(1978), 56 Ohio St.2d 207, 10 Ohio Op.3d 369, 383 N.E.2d 585, citing State v. Macdonald (1976), 48 Ohio St.2d 66, 2 Ohio Op.3d 219, 357 N.E.2d 40. A parole violation is a separate charge and does not relate to the pending charge. Id.
 {¶ 30} In the case at bar, appellant's speedy trial time on the charges at bar began to run on November 24, 2003, the date of the indictment. As previously stated, appellant's parole was revoked on November 17, 2003. Therefore, appellant was not being held solely on the pending charges in the November 24, 2003 indictment, and his speedy trial time consequently ran at a "one-for-one" count. When appellant's bench trial commenced on July 16, 2004, only 236 days had elapsed. This calculation ignores speedy trial waivers and all continuances at defendant's request. Since the State had 270 days in which to bring this defendant to trial, appellant's right to a speedy trial was not violated, and this assignment of error fails.
 Parole Violations and Jurisdiction {¶ 31} In his sixth and final assignment of error, appellant contends that the trial court revoked his parole pursuant to case number CR-314854 without the jurisdictional authority to do so. This contention is without merit. A review of the journal record of the trial court shows that the sentence imposed merely ordered that the sentence pursuant to the conviction at bar would run consecutive to the parole violation sentence. It was the parole board that revoked appellant's parole in a prior hearing. The trial court merely held that the actual number of years to be imposed pursuant to the parole violation shall run consecutive to the sentence of the case at bar, pursuant to R.C. 2929.141(B)(1). Thus, the trial court committed no error, and appellant's final assignment of error also fails.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and McMonagle, J., concur.
 APPENDIX A
Appellant's six assignments of error read:
"I. APPELLANT WAS CONVICTED WITH EVIDENCE INSUFFICIENT AS A MATTER OF LAW THEREBY DENYING HIM HIS DUE PROCESS RIGHTS GUARANTEED HIM BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION.
"II. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"III. DEFENDANT WAS DENIED HIS 6TH AMENDMENT CONSTITUTIONAL RIGHT TO A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF HIS TRIAL COUNSEL WHERE, AMONG OTHER THINGS, HE FAILED TO PROPERLY EXCHANGE THE LETTERS OF THE ALLEGED VICTIM DURING DISCOVERY AND THEY WERE EXCLUDED AT TRIAL.
"IV. Appellant was denied his 6th amendment constitutional RIGHT TO A FAIR TRIAL BY MISCONDUCT OF THE PROSECUTOR.
"V. THE TRIAL COURT ERRED IN ALLOWING THE CASE TO PROCEED TO TRIAL WHERE APPELLANT'S SPEEDY TRIAL RIGHTS WERE INFRINGED PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND R.C. 2945.71.
"VI. THE TRIAL COURT ERRED IN HOLDING A HEARING AND DETERMINING THE APPELLANT TO BE A PAROLE VIOLATOR WHERE JURISDICTION OVER PAROLEES IS WITHIN THE EXCLUSIVE JURISDICTION OF THE PAROLE BOARD."
[1] Appellant's six assignments of error are included in appendix A of this Opinion.