OPINION
{¶ 1} Defendant, William Brewer, appeals from his conviction and sentence in Case No. 2006-CR-03678 for aggravated burglary, abduction and having weapons under a disability. Defendant also appeals from the revocation of his community control in Case No. 2003-CR-01750. *Page 2 
 {¶ 2} In August 2006, Faith Treadwell moved from a house she shared with Defendant at 1915 Home Avenue in Dayton into an apartment occupied by her sister, Miriam Kinney, at 2005 Wayne Avenue. After two weeks, Defendant learned where Treadwell had moved. On August 25, 2006, Defendant went to Kinney's apartment on four separate occasions in an effort to convince Treadwell to return home with him. On the second occasion, Treadwell observed a rifle in the trunk of Defendant's vehicle. On the third occasion, after Defendant tried to grab Treadwell's arm, she asked her sister to call the police, who after they arrived on the scene escorted Defendant from Kinney's apartment.
 {¶ 3} Around 3:00 a.m. on August 26, 2006, Defendant returned to Kinney's apartment for the fourth time. Defendant entered the apartment through an open window, and awoke Treadwell and Kinney in the process. Defendant was carrying the rifle Treadwell had seen earlier in the trunk of Defendant's vehicle. Defendant pointed the rifle at both women and told Treadwell, "Let's go."
 {¶ 4} As soon as Defendant left with Treadwell, Kinney called police, who put out an alert to officers in the area of Defendant's residence on Home Avenue. Officers Hannah and Pendley were waiting when Defendant arrived at his residence, *Page 3 
with Treadwell in the front passenger seat. The rifle was in the vehicle between Defendant and Treadwell. Defendant was removed from the vehicle and arrested.
 {¶ 5} Defendant was indicted in Case No. 2005-CR-03678 on one count of aggravated burglary, R.C. 2911.11(A)(2), one count of abduction, R.C. 2905.02(A)(1), and one count of having weapons while under a disability, R.C. 2923.12(A)(2). A three year firearm specification, R.C. 2941.145, was attached to the aggravated burglary and abduction charges.
 {¶ 6} Defendant waived his right to a jury trial and the charges proceeded to a trial to the court. Defendant testified that he did not enter Kinney's apartment through the window or abduct Treadwell. According to Defendant, Treadwell came out of the house to meet him and voluntarily left with Defendant.
 {¶ 7} The trial court found Defendant guilty of all charges and specifications in Case No. 2006-CR-03678. The trial court sentenced Defendant to concurrent prison terms of five years for aggravated burglary and three years for abduction. The court also sentenced Defendant to a consecutive twelve month prison term for having weapons under a disability. The court merged the two firearm specifications and imposed one additional and consecutive three year prison *Page 4 
term on those.
 {¶ 8} As a result of Defendant's convictions in Case No. 2006-CR-03678, the trial court revoked Defendant's community control in Case No. 2003-CR-01750 and imposed a consecutive three year prison term in that case, for a total cumulative sentence of twelve years.
 {¶ 9} Defendant timely appealed to this court from his conviction and sentence in Case No. 2006-CR-03678 and the revocation of his community control in Case No. 2003-CR-01750.
FIRST ASSIGNMENT OF ERROR
 {¶ 10} "THE TRIAL COURT'S VERDICTS SHOULD BE REVERSED AS THEY WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 11} A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 {¶ 12} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created *Page 5 
such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v. Thompkins,supra.
 {¶ 13} In order to find that a manifest miscarriage of justice occurred, an appellate court must conclude that a guilty verdict is "against," that is, contrary to, the manifest weight of the evidence presented. See, State v. McDaniel (May 1, 1998), Montgomery App. No. 16221. The fact that the evidence is subject to different interpretations on the matter of guilt or innocence does not rise to that level.
 {¶ 14} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. State v.DeHass (1967), 10 Ohio St.2d 230. In State v. Lawson (August 22, 1997), Montgomery App. No. 16288, we observed:
 {¶ 15} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the *Page 6 
factfinder, who has seen and heard the witness." Id., at p. 4.
 {¶ 16} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 17} Defendant argues that the trial court lost its way in finding him guilty because the testimony of the State's witnesses is not credible, and there was no physical evidence to corroborate the testimony of the State's witnesses that Defendant entered Kinney's apartment through a window.
 {¶ 18} The credibility of the witnesses and the weight to be given to their testimony were matters for the trier of facts, the trial court here, to determine. DeHass. The victim, Treadwell, and her sister, Kinney, unequivocally testified that Defendant entered Kinney's apartment through a window, that Defendant was carrying a rifle, and that Defendant at gunpoint forced Treadwell to go with him.
 {¶ 19} Contrary to Defendant's claim, Treadwell did not testify that she went voluntarily with Defendant. Treadwell testified that she went with Defendant because she felt threatened by the rifle Defendant possessed and pointed at both her and her sister. The testimony of Treadwell and *Page 7 
Kinney was sufficient competent, credible evidence on which the trial court could find Defendant guilty of aggravated burglary, abduction and having weapons under a disability.
 {¶ 20} The testimony of Treadwell and Kinney was not contrary to the guilty verdicts. Furthermore, the fact that Kinney did not tell police when she called that Defendant had entered her apartment through a window, and the fact that police never attempted to collect any physical evidence from Kinney's apartment, does not render the testimony of Treadwell and Kinney unworthy of belief. The trier of facts, the trial court, did not lose its way simply because it chose to believe the testimony of the State's witnesses and rejected Defendant's claim that Treadwell, Kinney and the police were engaged in a conspiracy to get him.
 {¶ 21} Reviewing this record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the trial court lost its way in choosing to believe the State's witnesses, or that a manifest miscarriage of justice has occurred. Defendant's convictions are not against the manifest weight of the evidence.
 {¶ 22} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 23} "THE TRIAL COURT LACKED JURISDICTION TO CONDUCT A *Page 8 
BENCH TRIAL AS THE APPELLANT'S JURY WAIVER WAS NOT PROPERLY EXECUTED IN OPEN COURT."
 {¶ 24} Defendant argues that his waiver of his right to trial by jury in this case is invalid because the evidence fails to demonstrate that the waiver was made in open court. We disagree.
 {¶ 25} In State v. Lomax, 114 Ohio St.3d 350, 2007-Ohio-4277, the Ohio Supreme Court held in the syllabus:
 {¶ 26} "1. A waiver of the right to a trial by jury must not only be made in writing, signed by the defendant, and filed as a part of the record, but must also be made in open court. (R.C. 2945.05, applied.)
 {¶ 27} "2. To satisfy the `in open court' requirement in R.C. 2945.05, there must be some evidence in the record that the defendant while in the courtroom and in the presence of counsel, if any, acknowledged the jury waiver to the trial court."
 {¶ 28} Prior to the commencement of trial Defendant executed a written waiver of his right to a jury trial, and that waiver was filed and made a part of the record in this case. The sole question is whether there is some evidence in the record that demonstrates that Defendant, while in the courtroom and in the presence of counsel, acknowledged the *Page 9 
jury waiver to the trial court. Lomax.
 {¶ 29} Defendant argues that he never acknowledged the jury waiver to the trial court in open court, but rather that his trial counsel informed the court that Defendant wanted to waive his right to a jury trial. Defendant presents as support for his position an incomplete portion of the colloquy between the trial court, Defendant, and his counsel on that issue.
 {¶ 30} A review of the entire record discloses that the trial court engaged in an extensive and lengthy colloquy with Defendant and his counsel regarding Defendant's choice whether to waive his right to a jury trial. Although Defendant vacillated at times during that colloquy regarding whether he wanted to waive a jury trial, after the trial court's repeated admonitions that only Defendant could make that decision, Defendant ultimately chose to waive a jury trial. The entire colloquy between Defendant and the trial court demonstrates that, three separate times, Defendant acknowledged to the trial court, while in open court and in the presence of his counsel, that he desired to waive his right to a jury trial and proceed before a visiting judge.
 {¶ 31} The incomplete portion of the colloquy between the trial court and Defendant presented in Defendant's brief *Page 10 
suggests that Defendant told the trial court that he was being "forced" to waive his right to a jury trial. That is not the case. Defendant's statements related not to his choice to waive his right to a jury trial, but rather his desire not to proceed to trial at all on that day, and probably any other. Distress over one's plight in being caught in the unrelenting maw of the criminal justice system does not render involuntary a plea of guilty or no contest a defendant chooses to enter. This record amply demonstrates that a knowing, intelligent, voluntary waiver of the right to a jury trial that satisfies the requirements inLomax was made by Defendant in open court.
 {¶ 32} Defendant's second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 33} "THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AS A RESULT OF TRIAL COUNSEL'S
 {¶ 34} FAILURE TO FILE A MOTION TO DISMISS THE CHARGES ON SPEEDY TRIAL GROUNDS."
 {¶ 35} Defendant argues that his trial counsel rendered ineffective assistance because he failed to file a motion to dismiss the charges based upon speedy trial grounds.
 {¶ 36} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have *Page 11 
fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different. Id., State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 37} An individual who has been charged with a felony must be brought to trial within two hundred and seventy days after his arrest. R.C. 2945.71(C)(2); State v. Palmer, 84 Ohio St.3d 103, 1998-Ohio-507. If the accused is held in jail in lieu of bail, each day counts as three days and the accused therefore must be brought to trial within ninety days after his arrest. R.C. 2945.71(E); Palmer. Pursuant to R.C. 2945.72, the time within which an accused must be brought to trial may be extended only for the reasons specifically enumerated in that statute. Palmer.
 {¶ 38} The time within which Defendant had to be brought to trial was extended by various pretrial motions Defendant filed, including a motion to determine his mental competency, R.C. 2945.72(B), and two separate motions to suppress evidence, R.C. 2945.72(E). More importantly, and *Page 12 
notwithstanding any extensions of the time for trial pursuant to R.C. 2945.72, Defendant remained in jail in lieu of bail solely on the pending charges in Case No. 2006-CR-03678 for only two days. After that, Defendant was also being held in jail on a detainer placed against him based upon the violation of his community control in Case No. 2003-CR-01750. In that circumstance, the triple count provision in R.C. 2945.71(E) does not apply, and the State had approximately two hundred and sixty four days left to bring Defendant to trial. State v.Martin (1978), 56 Ohio St.2d 207. By Defendant's own calculations, he was brought to trial one hundred and sixty-three days after his arrest, which is well within the statutory limits that apply in this case. Therefore, Defendant's speedy trial rights were not violated in this case, and his trial counsel did not perform deficiently by failing to file a motion to dismiss the charges based upon a speedy trial violation.
 {¶ 39} Defendant's third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 {¶ 40} "THE APPELLANT WAS DENIED HIS CONSTITUTIONAL DUE PROCESS RIGHTS WHEN THE TRIAL COURT REVOKED HIS PROBATION WITHOUT FIRST CONDUCTING A HEARING."
 {¶ 41} At the sentencing hearing in Case No. 2006-CR-03678, *Page 13 
the trial court not only sentenced Defendant for aggravated burglary, abduction and having weapons under a disability, but also revoked Defendant's community control in Case No. 2003-CR-01750 based upon Defendant's convictions in 2006-CR-03678. Defendant argues that the revocation of his community control without first conducting a hearing violated his rights to the minimum due process requirements set forth inGagnon v. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656.
 {¶ 42} Defendant failed to object to the procedure the court used in revoking his community control in Case No. 2003-CR-01750, and as a result he has waived all but plain error. State v. Blakeman, Montgomery App. No. 18983, 2002-Ohio-2153. Plain error does not exist unless it can be said that but for the error the outcome of the trial would clearly have been otherwise. State v. Long (1978), 53 Ohio St.2d 91.
 {¶ 43} With respect to community control revocation proceedings, all that is required is an informal hearing structure that is sufficient to insure that the finding of a violation will be based upon verified facts and that the exercise of discretion will be informed by an accurate knowledge of the probationer's behavior. Blakeman.
 {¶ 44} The trial court gave Defendant notice at the time it returned its guilty verdicts against him in the 2006 case that *Page 14 
at the sentencing hearing in that case it would also address the revocation of Defendant's community control in Case No. 2003-CR-01750. At that sentencing hearing, the trial court gave both Defendant and his counsel the opportunity to be heard, and ultimately concluded that Defendant had violated his community control in the 2003 case as a result of his convictions in the 2006 case. The court revoked Defendant's community control and imposed a three year sentence in the 2003 case to be served consecutively to the sentence imposed in the 2006 case.
 {¶ 45} Having entered a judgment of conviction against Defendant in the 2006 case, which was itself a violation of Defendant's community control, the trial court was not required to conduct a further hearing to determine whether Defendant had violated his community control. Even had the trial court held such a hearing, it cannot be said that the outcome of that revocation hearing would have clearly been any different. No error, much less plain error, has been demonstrated.
 {¶ 46} Defendant's fourth assignment of error is overruled.
The judgment of the trial court will be affirmed.
 WOLFF, P.J. And BROGAN, J., concur. *Page 1