[Cite as *State v. Hartman*, 2010-Ohio-2299.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                 CASE NO.  2-10-05

     v.

JASON E. HARTMAN,                 O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2009 CR 72

**Judgment Affirmed**

**Date of Decision:    May 24, 2010**

APPEARANCES:

    *Michael J. Short*  for Appellant

    *Edwin A. Pierce*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Jason Hartman ("Hartman"), appeals the Auglaize County Court of Common Pleas' judgment of conviction and sentence entered after overruling his motion to dismiss for an alleged violation of his right to a speedy trial. We affirm.

{¶2} On June 27, 2009, Hartman was arrested and cited for six (6) offenses, including: operating a vehicle under the influence ("OVI") of alcohol in violation of R.C. 4511.19(A)(1)(a); operating a vehicle with a prohibited blood alcohol concentration in violation of R.C. 4511.19(A)(1)(h); driving under financial responsibility law suspension in violation of R.C. 4510.16(A); driving under (court) suspension in violation of R.C. 4510.11(A); failure to signal in violation of R.C. 4511.39; and failure to reinstate a license in violation of R.C. 4510.21, all misdemeanors. (Joint Ex. C). These charges were originally filed in the Auglaize County Municipal Court and assigned case no. 2009-TRC-3678. (Id.).

{¶3} At the time of his aforementioned OVI offense, Hartman was on community control for unrelated previous offenses in Auglaize Municipal Court case nos. 2008-CRB-376, 2008-CRB-0773. (Joint Exs. A & B). As a condition of his community control, Hartman was prohibited from consuming alcohol. (Id.).

**{¶4}** On June 29, 2009, both OVI counts in the complaint were dismissed without prejudice, Hartman pled not guilty to the remaining charges, and the Auglaize County Municipal Court set bond on the remaining charges at an Own Recognizance ("OR") Bond. (Joint Ex. C). On this same day, Hartman was charged with violating the terms and conditions of his community control in case nos. 2008-CRB-376, 2008-CRB-0773. (Joint Ex. B). The Municipal Court also held an arraignment on the community control violations and ordered that Hartman be held without bond. (Id.).

**{¶5}** On July 23, 2009, the Auglaize County Grand Jury indicted Hartman on three (3) counts, including: count one (1) of operating a vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a),(G)(1)(d) and R.C. 2941.1413, a fourth degree felony; count two (2) of operating a vehicle with a prohibited blood alcohol concentration in violation of R.C. 4511.19(A)(1)(h),(G)(1)(d) and R.C. 2941.1413, a fourth degree felony; and count three (3) of operating a motor vehicle while under a license suspension in violation of R.C. 4510.14, a first degree misdemeanor. (Doc. No. 1). Counts one and two also included a specification that Hartman had five (5) prior OVI convictions within the past twenty (20) years. (Id.). On this same day, Hartman appeared for a bond hearing, and the Auglaize County Court of Common Pleas set bond on the Indictment at $25,000.00, 10% cash provision plus an OR Bond. (Doc. No. 9).

{¶6} On July 27, 2009, the balance of the citation filed in Auglaize County Municipal Court case no. 2009-TRC-3678 was dismissed. (Joint Ex. C). On July 30, 2009, Hartman was arraigned on the Indictment and entered pleas of not guilty to the charges. (Doc. No. 15).

{¶7} On October 6, 2009, Hartman filed a motion to dismiss the indictment in the Auglaize County Court of Common Pleas based upon an alleged violation of his right to a speedy trial pursuant to R.C. 2945.71(D) and (E). (Doc. No. 32). Specifically, Hartman claimed that R.C. 2945.71(E)'s triple-count provision applied since the basis of his community control violation, for which he was being held, arose from the same set of facts giving rise to the indictment. (Id.).

{¶8} On October 9, 2009, the trial court held a hearing on the motion but concluded that R.C. 2945.71(E)'s triple-count provision did not apply since the Municipal Court's community control violations and the felony OVI Indictment did not share a common litigation history. (Doc. No. 34); (Oct. 9, 2009 Tr. at 43). That same day, Hartman withdrew his previously tendered plea of not guilty to count one (1) and entered a no contest plea, and the State dismissed counts two (2) and three (3) of the indictment, pursuant to a negotiated plea agreement. (Doc. No. 36). The trial court found Hartman guilty on count one of the indictment and, on November 18, 2009, sentenced him to twenty-nine (29) months incarceration. (Doc. Nos. 37, 51).

{¶9} On December 8, 2009, Hartman filed a notice of appeal, but this Court dismissed the appeal for lack of a final appealable order on December 17, 2009. (Doc. Nos. 79, 88).

{¶10} On December 22, 2009 and January 7, 2010, the trial court filed two separate nunc pro tunc entries of sentencing. (Doc. Nos. 89, 94).

{¶11} On January 14, 2010, Hartman filed a subsequent notice of appeal from the trial court's second corrected sentencing entry. (Doc. No. 100). On February 3, 2010, this Court granted Hartman's motion for delayed appeal. (Doc. No. 109).

{¶12} Hartman now appeals raising one assignment of error for our review.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN NOT APPLYING THE TRIPLE-COUNT PROVISIONS OF R.C. 2945.71(E) TO THE DEFENDANT'S CASE.**

{¶13} In his sole assignment of error, Hartman argues that the trial court erred by not applying R.C. 2945.71(E)'s triple-count provision for purposes of calculating speedy trial time. Specifically, Hartman argues that the triple-count provision should apply since his community control violation for consumption of alcohol arose out of the same incident for which he was indicted, and thus, has a "common litigation history" within the meaning of R.C. 2945.71.

{¶14} R.C. 2945.71(E) provides, in pertinent part, "[f]or purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail *on the pending charge* shall be counted as three days." (Emphasis added).

{¶15} The Ohio Supreme Court in *State v. Parker* held that "when multiple charges arise from a criminal incident and share a common litigation history, pretrial incarceration on the multiple charges constitutes incarceration on the 'pending charge' for the purposes of the triple-count provision of the speedy-trial statute, R.C. 2945.71(E)." 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, ¶21. In reaching its holding in *Parker*, the Ohio Supreme Court noted that:

> **Criminal charges arising out of the same criminal incident and brought simultaneously will always be deemed to have a "common litigation history" for the purposes of establishing incarceration solely on the "pending charge" within the meaning of R.C. 2945.71(E), even if they are prosecuted in separate jurisdictions.**

2007-Ohio-1534, at ¶25.

{¶16} Hartman cites this language from *Parker* and concludes that his community control violation, which arose out of the same criminal incident and was filed simultaneous to the indictment, must too be deemed to have a "common litigation history" for purposes of R.C. 2945.71(E). We disagree.

**{¶17}** Unlike the defendant in *Parker*, Hartman was being held without bond on a violation of community control, which arose from the indicted criminal incident, not additional misdemeanor charges pending in municipal court. 2007-Ohio-1534, at ¶¶2-3. This case is more analogous to *State v. Martin* (1978), 56 Ohio St.2d 207, 383 N.E.2d 585, wherein the Court determined that R.C. 2945.71(E)'s triple-count provision was inapplicable when the accused was being held pursuant to a probation-violation holder that stemmed from the alleged criminal incident. Similarly, the Ohio Supreme Court has found that R.C. 2945.71(E)'s triple-count provision does not apply when the defendant is being held in custody pursuant to a parole-violation holder. *State v. Brown* (1992), 64 Ohio St.3d 476, 597 N.E.2d 97. The Ohio Supreme Court has recognized the continued viability of these rules of law as recently as 2006 in *State v. Sanchez*, and we are not persuaded that its holding in *Parker* has altered these well-established rules of law. 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶11. Therefore, the trial court did not err in finding R.C. 2945.71(E)'s triple-count provision inapplicable here. Furthermore, since Hartman admits that he entered his no contest plea in less than two hundred seventy (270) days from the date of arrest, no violation of R.C. 2945.71(C)(2) occurred either. (Appellant's Brief at 4). As such, the trial court did not err in overruling Hartman's motion to dismiss.

**{¶18}** Hartman's assignment of error is overruled.

**{¶19}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**