[Cite as *Westlake v. Collins*, 2019-Ohio-453.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106968**

---

**CITY OF WESTLAKE**

PLAINTIFF-APPELLEE

vs.

**CARL A. COLLINS, JR.**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Rocky River Municipal Court
Case Nos. 15 TRD 09998 and 17 TRC 07964

**BEFORE:** Kilbane, A.J., Laster Mays, J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 7, 2019

**APPELLANT**

Carl A. Collins, Jr.
12621 Walnut Hill Drive
North Royalton, Ohio 44133


**ATTORNEYS FOR APPELLEE**

Michael P. Maloney
Director of Law
City of Westlake
Robin Leasure-Soeder
Assistant Director of Law
John J. Spellacy
Assistant Prosecutor
27700 Hilliard Boulevard
Westlake, Ohio 44145

MARY EILEEN KILBANE, A.J.:

{¶1} Defendant-appellant, Carl A. Collins, Jr. ("Collins"), pro se, appeals his convictions following a jury trial in the Rocky River Municipal Court. For the reasons set forth below, we affirm.

{¶2} On December 2, 2017, following a traffic stop in the city of Westlake, Collins was charged with operating a vehicle under the influence of alcohol or drugs ("OVI"), with refusal to submit to chemical tests; operating a vehicle under the influence after prior conviction or guilty plea; failure to maintain reasonable control; and a marked lane violation. Collins pled not guilty to the charges, executed a waiver of counsel, and elected to proceed pro se.

{¶3} As a result of the above charges, on January 25, 2018, Collins appeared for a probation violation hearing on a different case and admitted that he was in violation. The trial court sentenced Collins to 90 days in jail for violating the conditions of his probation.

{¶4} Thereafter, by agreement of the parties, a jury trial was scheduled for February 28, 2018. Collins requested access to a computer to prepare for trial while in jail and requested that his wife be permitted to bring documents to him to aid in his preparation for trial. The trial court issued an order to the warden to provide Collins with a computer and to allow Collins's wife to bring any documents needed for his preparation for trial.

{¶5} In addition, the trial court ordered that Collins be released from jail on February 23, 2018, to afford him a greater ability to further prepare for trial. Collins stated on the record that the amount of time was adequate for his preparation. The trial court ordered that the remaining days of his 90-day commitment for the probation violation would be ordered into execution following the jury trial on the instant charges.

{¶6} On February 28, 2018, a jury found Collins guilty of the two OVI counts, and the trial court found him guilty of the failure to maintain reasonable control and the marked lane violations. The trial court sentenced Collins to 90 days in jail on the first OVI count, merged the second count as an allied offense, and assessed a fine of $50 each on the remaining counts.

{¶7} Thereafter, Collins filed a motion to stay execution of his sentence. The trial court denied the motion and issued an entry stating:

> [COURT]: [Collins's] motion to stay execution of sentence is denied. [Collins] was found guilty by a jury on February 28, 2018. A jury found [Collins] guilty of operating a vehicle under the influence of alcohol. This was [Collins's] third OVI conviction in the last ten years and the [fourth] conviction in a lifetime. [Collins] had another charge for OVI from the City of Cleveland that appears to have been dismissed on speedy trial grounds. The Court does not believe there are any legal issues that would warrant a Court overturning this conviction. Moreover, given [Collins's] serial convictions for drunk driving, it is this Court's goal to have [Collins] evaluated for the Jail Reduction Program so that the Court can release him early into a treatment program given his OVI history.

{¶8} Collins now appeals, assigning the following nine errors for review. Assignment of

## Error One

The arresting officer had no valid reason for stopping [Collins] and initiating a testing to determine whether or not [Collins] had consumed alcohol or was under the influence of an intoxicant.

## Assignment of Error Two

The arresting officer presented a 2255 notice of penalties or results of an arrest of driving while under the influence which did not contain [Collins's] signature or the officer's noting that [Collins] did not sign.

## Assignment of Error Three

The court did improperly allow the prosecution to object, without cause, to a majority of [Collins's] items of evidence by allowing the prosecution to object to those items of evidence outside of the trial scope, by requesting that the defense itemize its items of evidence and allowing the prosecution to object to their inclusion without allowing the defense to lay a foundation for their validity.

## Assignment of Error Four

The court allowed the prosecutor to present a previous conviction of the defense that had no relationship or bearing on the present matters before the court in the current trial.

## Assignment of Error Five

[Collins] facing the trial as a pro se litigant was confined in the Cuyahoga County Correctional Center for over a month prior to his trial. The trial judge affirmed that [Collins] was permitted to have access to a bank of computers available for inmates to have access to the internet to be able to research and prepare for his upcoming trial. After the trial court's permission for [Collins] to be allowed internet access, [Collins's] request to the confinement's center warden, he was not permitted access to the confinement center's computer, even though he made several formal request using the inmate's request document.

## Assignment of Error Six

At no point in time during or prior to the trial did the prosecution establish clear and incontrovertible evidence that the blood alcohol level of [Collins's] blood, if any, was above the legal limit of 0.08 percent. 0.08 percent is the legal limit that

a person's blood must be to charge a vehicle operator with driving while under the influence of alcohol.

## Assignment of Error Seven

The court denied [Collins's] request to dismiss the trial for lack of prosecution even though the court proceedings, prior to trial had continued far beyond the calculated ninety days required by law (R.C. 2945.71) even though [Collins] had not signed or made any other indication that he had or would be obliged to waiving his constitutional right to a speedy trial.

## Assignment of Error Eight

After [Collins] was arrested for driving under the influence, the probation department determined that [Collins] had violated his probation sentence of a guilty finding of Case 15TRD09998. The trial judge scheduled a probation violation hearing and imposed a ninety day confinement sentence prior to a determination of a finding of guilt or innocence in the trial of the case which is the subject of this appeal (17TRC079964). The arrest of this case which is now under appeal is the cause of the probation violation.

## Assignment of Error Nine

The trial court decided that [Collins], though indigent should not be afforded a copy of the trial transcript which the trial court created from an audio tape.

## Procedural Matters — Record on Appeal

{¶9} Initially, we note that no transcript of the proceedings before the trial court was submitted as part of the appellate record. We further note that after filing his notice of appeal and failing to subsequently file a transcript, we sua sponte issued an order granting Collins a 30-day continuance to file a transcript or apply by motion for a transcript at the state's expense upon a demonstration of indigency. Collins never filed a transcript or moved for a transcript at the state's expense.

{¶10} The appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the trial court's decision. App.R. 9(B); *State v. Peterson*, 8th Dist. Cuyahoga No. 96958, 2012-Ohio-87, ¶ 7. Failure to file the transcript prevents an appellate court

from reviewing an appellant's assigned errors. *Lakewood v. Collins*, 8 Dist. Cuyahoga No. 102953, 2015-Ohio-4389, citing *State v. Turner*, 8th Dist. Cuyahoga No. 91695, 2008-Ohio-6648, ¶ 13. Thus, absent a transcript or alternative record under App.R. 9(C) or (D), we must presume regularity in the proceedings below. *State v. Lababidi*, 8th Dist. Cuyahoga No. 96755, 2012-Ohio-267, 969 N.E.2d 335, ¶ 13; *State v. Rice*, 8th Dist. Cuyahoga No. 95100, 2011-Ohio-1929.

{¶11} In the first, second, third, fourth, and sixth assignments of error, Collins argues errors that occurred at trial. However, without the transcript or an alternative record, we are unable to review the myriad of claims Collins now advances. As a result, we have no choice but to presume regularity in the proceedings below and overrule these assignment of errors.

## Computer Access

{¶12} In the fifth assignment of error, Collins argues he was unable to prepare for trial because of his inability to access a computer while in county jail. As previously noted, the trial court issued an order to the warden to provide a computer to Collins and to allow Collins's wife to bring any documents needed for his preparation for trial.

{¶13} Moreover, there is nothing in the record to support or refute whether Collins was denied computer access in contravention of the trial court's order. Nonetheless, in an abundance of caution, the trial court released Collins from jail five days prior to the start of trial to further aid Collins in his preparation. In addition, the trial court's journal entry dated January 30, 2018, stated that Collins indicated on the record that the five-day period would be a sufficient amount of time to prepare for trial. As a result, we find no merit in this assertion.

{¶14} Accordingly, the fifth assignment of error is overruled.

## Speedy Trial

**{¶15}** In the seventh assignment of error, Collins argues his right to a speedy trial was violated.

**{¶16}** R.C. 2945.71(B)(2) provides that a defendant charged on a first-degree misdemeanor must be brought to trial within 90 days after arrest or service of summons. The statutory speedy trial period begins to run on the date the defendant is arrested, although the date of arrest is not counted when calculating speedy trial time. *State v. Wells*, 8th Dist. Cuyahoga No. 98388, 2013-Ohio-3722, ¶ 44. If the defendant is not arrested for the offense, speedy trial time begins on the day he is served with the indictment. *State v. Pirkel*, 8th Dist. Cuyahoga No. 93305, 2010-Ohio-1858, ¶ 12.

**{¶17}** Speedy trial time may, however, be tolled by certain events delineated in R.C. 2945.72. These events include: delay "necessitated by the accused's lack of counsel"; delay "necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused, and any continuances granted upon the accused's own motion"; the "period of any continuance granted on the accused's own motion" as well as the period of "any reasonable continuance granted" upon any other party's motion; and the time during which an appeal is pending. R.C. 2945.72(C), (E), (H), and (I).

**{¶18}** In addition, a defendant's demand for discovery tolls the speedy trial time until the state responds to the discovery, or for a reasonable time, whichever is sooner. *State v. Burks*, 8th Dist. Cuyahoga No. 106639, 2018-Ohio-4777, citing *State v. Shabazz*, 8th Dist. Cuyahoga No. 95021, 2011-Ohio-2260, ¶ 26, 31; R.C. 2945.72(E). This court has interpreted a "reasonable response time" to mean 30 days. *See Shabazz* at ¶ 26. However, what is reasonable or necessary is determined on a case-by-case basis. *Pirkel* at ¶ 17, citing *State v. Saffell*, 35 Ohio St.3d 90, 518 N.E.2d 934 (1988).

{¶19} In the instant case, the record indicates Collins was arrested on December 2, 2017. The record also indicates that on January 30, 2018, all parties agreed to a trial date of February 28, 2018, and Collins was in fact brought to trial on that date. The record also indicates that Collins filed his demand for discovery on December 29, 2017, which tolled the speedy trial time until January 9, 2018, when the city of Westlake responded.

{¶20} By our calculation, without deducting the days that were tolled as a result of Collins's demand for discovery, he was brought to trial two days prior to the expiration of 90 days. As a result, Collins's right to a speedy trial was not violated.

{¶21} Collins contends he should be awarded three days for each day he was incarcerated. However, Collins has misinterpreted R.C. 2945.72(E), which provides that each day a defendant is held in jail on a pending charge shall be counted as three days towards the requisite speedy trial time. This statute applies only to defendants held in jail in lieu of bail solely on the pending charge. *State v. Butler*, 8th Dist. Cuyahoga No. 85366, 2005-Ohio-4122, citing *State v. Martin*, 56 Ohio St.2d 207, 383 N.E.2d 585 (1978), citing *State v. MacDonald*, 48 Ohio St.2d 66, 357 N.E.2d 40 (1976).

{¶22} Here, Collins was in jail on a probation violation, in a separate case, which bears no relationship to the pending charge. Therefore, his reliance on R.C. 2945.72(E) is misplaced.

{¶23} Accordingly, the seventh assignment of error is overruled.

<u>Probation Violation</u>

{¶24} In the eighth assignment of error, Collins argues the trial court erred by imposing a 90-day jail term for the probation violation in a separate case. As previously noted, on January 25, 2018, Collins appeared for a probation violation hearing. He admitted at the hearing that he was in violation, and the trial court sentenced him to 90 days in jail. The docket also indicates

that Collins failed to timely file a notice of appeal from that case. As a result, that matter is not properly before our court.

{¶25} Accordingly, the eighth assignment of error is overruled.

Transcript

{¶26} In the ninth assignment of error, Collins argues he was hampered in his ability to file a transcript. As previously stated, Collins was granted a thirty-day continuance to file a transcript or apply by motion for a transcript at state's expense upon a demonstration of indigency, and he failed to do so. As a result, this assignment of error is unpersuasive.

{¶27} Accordingly, the ninth assignment of error is overruled.

{¶28}                                             Judgment                                             affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR