[Cite as *State v. Guerry*, 2016-Ohio-962.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

STATE OF OHIO            :

                                  :     Appellate Case No. 2015-CA-30

       Plaintiff-Appellee        :

                                  :     Trial Court Case No. 2014-CR-245

v.                                  :

                                  :     (Criminal Appeal from

JORDAN GUERRY         :      Common Pleas Court)

                                  :

       Defendant-Appellant    :

                                  :

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of March, 2016.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
       Attorney for Plaintiff-Appellee

BRIAN A. MUENCHENBACH, Atty. Reg. No. 0088722, 200 West Main Street, Eaton, Ohio 45320
       Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Jordan R. Guerry appeals from his conviction and

sentence, following a guilty plea, for Attempted Rape. His assigned counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that has not found any potential assignments of error having arguable merit. Neither have we. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 2} Guerry was charged by indictment with Rape of a Child Under 13, in violation of R.C. 2907.02(A)(1)(b). He moved to suppress statements he made to police, claiming that they were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Following a hearing, his motion to suppress was overruled. Subsequently, he moved to dismiss the charge on Ohio statutory speedy-trial grounds. Following a hearing, this motion was overruled.

{¶ 3} Pursuant to a plea bargain, the indictment was amended to charge Guerry with Attempted Rape, in violation of R.C. 2907.02(A)(1)(b) and 2923.02(A), and Guerry pled guilty to the amended charge of Attempted Rape, a felony of the first degree. Guerry was sentenced to ten years in prison, with five years of post-release control. He was classified as a Tier III sex offender. From his conviction and sentence, Guerry appeals.

{¶ 4} After Guerry's assigned counsel filed an A*nders* brief, by entry dated December 11, 2015, we afforded Guerry the opportunity to file his own, pro se brief. He has not done so.

## II. We Find No Potential Assignments of Error Having Arguable Merit

{¶ 5} In his *Anders* brief, counsel notes two potential assignments of error, both relating to the suppression issue, but after analyzing them, concludes that they have no arguable merit. We agree, not only for the reasons counsel cites, but also for the reason that a plea of guilty waives any error in the trial court's failure to suppress evidence. *State v. Carson*, 2d Dist. Montgomery 20285, 2004-Ohio-5809, ¶ 8. Any error in the trial court's ruling on the suppression motion is necessarily harmless, since none of the evidence sought to be suppressed was admitted against Guerry; his conviction derived from his guilty plea.

{¶ 6} In general, a guilty plea waives all claims of error preceding the plea except claims of ineffective assistance of counsel sufficient to cause the defendant's guilty plea to be less than knowing and voluntary. *State v. Kidd*, 2d Dist. Clark No. 03CA43, 2004-Ohio-6784, ¶ 16. We have performed our duty, under *Anders v. California*, of independent review of the record, including the plea hearing transcript, and we have found nothing to suggest that Guerry's guilty plea was less than knowing and voluntary.

{¶ 7} We have also found no potential assignments of error having arguable merit. Although the ten-year prison sentence imposed was only one year less than the maximum sentence that could have been imposed, the trial court heard from the eleven-year-old victim's mother at the sentencing hearing:

> We trusted [Guerry] to come into our home. We took him on family vacations. I loved him just like a son. I let him watch my kids, and he took away the best part of my son. My son can't sleep in his room. Ninety

percent of the time he sleeps in between me and my husband.

He doesn't want to go to school. I have had to replace everything that reminds him of the situation. And I just want my son to know that he can't be hurt anymore. Thank you.

{¶ 8} That the offender's relationship with the victim facilitated the offense is a statutory sentencing factor. R.C. 2929.12(B)(6). So is the fact that the victim suffered serious psychological harm. R.C. 2929.12(B)(2). We conclude that a potential assignment of error that the trial court abused its discretion in imposing a ten-year sentence, or that the record clearly and convincingly fails to support the sentence,[1] has no arguable merit.

{¶ 9} After independently reviewing the entire record, we find no potential assignments of error having arguable merit.

### III. Conclusion

{¶ 10} No potential assignments of error with arguable merit having been found, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Megan M. Farley
Brian A. Muenchenbach
Hon. Douglas M. Rastatter

---

[1] *See State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.).