[Cite as *State v. Kendrick*, 2017-Ohio-1306.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27133 |
| | : | |
| v. | : | T.C. NO. 03-CR-4234 |
| | : | |
| SHAWN D. KENDRICK, SR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ____7th____ day of _____April_____, 2017.

. . . . . . . . . . .

MEAGAN D. WOODALL, Atty. Reg. No. 0093466, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

SHAUN D. KENDRICK, SR., Inmate No. A489-082, Pickaway Correctional Institution, P.O. Box 209, Orient, Ohio 43146
        Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Shaun Kendrick, filed May 31, 2016. Kendrick appeals from the denial of his November 17, 2015 pro se "Motion to Withdraw Guilty Plea Pursuant to Crim.R. 32.1 to Correct a Void/Illegal Conviction Based on a Constitutionally Defective Plea [Evidentiary Hearing

Requested]." We hereby affirm the judgment of the trial court.

{¶ 2} Kendricks' direct appeal of his 2005 conviction provides the following initial background of the matter herein:

* * *

The record reflects that Kendrick was charged in three separate indictments with seventeen counts of rape, three counts of aggravated robbery, five counts of kidnapping, and three counts of abduction. The crimes occurred in 1993, 1995, and 1996-years before Kendrick's indictment. He was identified as the perpetrator through more recent advances in DNA technology.

Following Kendrick's indictment, he filed a variety of motions, including a motion to dismiss on statute-of-limitation grounds, a motion to suppress evidence, and a motion to sever some of the charges for trial. The trial court sustained the motion to dismiss with respect to the abduction charges but overruled it as to the other charges. The trial court also overruled the motion to suppress and the motion to sever.

Prior to trial, Kendrick and the State engaged in on-going plea negotiations. At one point, Kendrick rejected an offer to plead guilty to five counts of rape with an agreed sentence of fifty years or, alternatively, to plead no contest to eight counts of rape with no sentencing recommendation. The State also rejected Kendrick's proposal that he plead no contest to five counts of rape. Kendrick later rejected a second plea offer under which he would have been required to plead guilty to six counts of

rape with an agreed sentence of fifty years and parole eligibility after fifteen years.

The matter proceeded to trial on January 24, 2005. Shortly after the trial began, however, Kendrick agreed to plead guilty to seven counts of rape, without any sentencing recommendation, in exchange for the dismissal of all other charges. The trial court conducted a Crim.R. 11 plea hearing and accepted the pleas. Thereafter, Kendrick filed a presentence motion to withdraw the pleas. Following an evidentiary hearing, the trial court overruled Kendrick's motion. He subsequently was sentenced to five consecutive terms of ten to twenty-five years in prison and one concurrent term of ten to twenty-five years in prison. A seventh ten-year prison term was ordered to be served consecutively to the foregoing terms. * * *

*State v. Kendrick*, 2d Dist. Montgomery No. 20965, 2006-Ohio-311, ¶ 3-6 ("*Kendrick I*").

{¶ 3} Kendrick appealed this Court's decision to the Ohio Supreme Court, which granted a discretionary appeal and reversed and remanded the matter to the trial court for resentencing, based upon the Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St. 3d 411, 2006-Ohio-2394, 848 N.E.2d 809. Kendrick also filed an application to reopen his appeal, which this Court denied in June 2006.

{¶ 4} On remand, the trial court "sentenced Kendrick to ten years on the post-S.B. 2 count, to be served consecutive to the other six consecutive sentences," and Kendrick appealed from this sentence. *State v. Kendrick*, 2d Dist. Montgomery No. 21790, 2007-Ohio-6136, ¶ 4 ("*Kendrick II*"). Kendrick asserted in part that "the trial court was only

permitted to impose a minimum, consecutive sentence on remand." *Id.*, ¶ 15. In affirming the judgment of the trial court, this Court determined, quoting *Foster*, ¶ 7, that "the court had 'full discretion to impose a prison sentence within the statutory range' without being required to make any findings or give any reasons for imposing more than minimum sentences or for ordering consecutive sentences." *Kendrick II*, ¶ 17.

{¶ 5} Kendrick filed a "Motion to Dismiss and Vacate Conviction Pursuant to R.C. 2502.02 & Crim.R. 32(A)(C)" on January 20, 2011, asserting that the trial court's Resentencing Entry was not a final appealable order; the trial court overruled the motion, and this Court affirmed the decision of the trial court. *State v. Kendrick*, 2d Dist. Montgomery No. 24626, 2012-Ohio-504, ¶ 5, 14 ("*Kendrick III*").

{¶ 6} "On September 12, 2011, Kendrick filed a motion to withdraw his guilty plea pursuant to Crim. R. 32.1 and Crim. R. 32(C). In a judgment entry issued on February 22, 2012, the trial court overruled Kendrick's motion to withdraw his plea without conducting a hearing." *State v. Kendrick*, 2d Dist. Montgomery No. 25100, 2012-Ohio-5795, ¶ 9 ("*Kendrick IV*"). Appointed counsel for Kendrick then filed an appeal pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *Id.*, ¶ 2. *Kendrick IV* provides as follows:

> In the instant appeal, Kendrick argues that the trial court erred when it overruled his most recent motion to withdraw his guilty plea for the following reasons: 1) he was induced and coerced into entering a guilty plea; 2) his trial counsel was ineffective; 3) the trial court abused it[s] discretion by accepting his "corrupt" plea; and 4) that he was denied equal protection of the law and due process.

Upon review, we find that the entirety of Kendrick's claims in his second motion to withdraw his guilty plea either were or could have been addressed in his direct appeal or in a motion for post-conviction relief. Claims that could have been addressed on direct appeal or in a post-conviction relief motion in support of post-sentence motion to withdraw are insufficient to demonstrate the manifest injustice required by Crim. R. 32.1 in order to vacate a plea. *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 (Aug. 20, 1999). Additionally, any claims that were raised and rejected in a prior proceeding are barred by res judicata. The claims made by Kendrick regarding the ineffectiveness of his trial counsel were considered and rejected by us in *Kendrick I*. Those claims are, therefore, barred by res judicata. Any additional out-of-court representations that [Kendrick] claims his trial counsel made could have been the subject of a post-conviction motion for relief. Kendrick did not seek that relief. Accordingly he cannot demonstrate that a manifest injustice resulted from what his attorney is alleged to have said in order to "induce" him into pleading guilty. Thus, we find that the trial court did not err when it overruled Kendrick's motion to withdraw his guilty plea.

*Id.*, ¶ 16-17.

**{¶ 7}** In his November 17, 2015 motion to withdraw his pleas, Kendrick asserted the following arguments: 1) the Dayton Municipal Court lacked the jurisdiction to issue a search warrant to collect Kendrick's DNA outside of the corporate limits of the City of Dayton, specifically at the Kettering Police Department; 2) the Dayton Municipal Court

lacked probable cause to issue the search warrant; 3) the Dayton Police officer who executed the warrant lacked authority to do so in the City of Kettering; 4) Kendrick did not consent to providing a DNA sample; 5) the "C" indictment herein was dismissed and the trial court abused its discretion in allowing the defendant to plead guilty to said indictment; and 6) Kendrick's plea was involuntary since the trial court allegedly failed to comply with Crim.R. 11 and "failed to inform the defendant the consequences of his guilty plea, that pleading guilty the defendant would be labeled a sexual predator."

{¶ 8} On January 25, 2016, the State opposed Kendrick's motion.  The State asserted as follows:

Notwithstanding the lack of merit to each issue raised by Defendant, all issues were, or could have been raised on direct appeal or in a petition for post-conviction relief and therefore do not demonstrate manifest injustice under Crim.R. 32.1. Further, issues one through four were previously considered by this court and ultimately rejected, and therefore are barred by res judicata.   * * *

{¶ 9} In overruling Kendrick's motion, the trial court determined as follows:

The court, based upon the content of the State's memorandum in opposition to Defendant Shaun Kendrick's motion, overrules Mr. Kendrick's motion to withdraw his guilty plea under Ohio R. Civ.P. [sic] 32.1. The issues raised by Mr. Kendrick's motion could have been raised on appeal or through a timely filed petition seeking post-conviction relief, and, as such, the required manifest injustice [cannot] be demonstrated.   Further, Mr. Kendrick has previously moved for and been denied a new trial making this

latest attempt subject to a *res judicata* bar. The court, in conclusion, overrules Shaun Kendrick's motion to withdraw his guilty plea under Ohio R. Crim.P. 32.1.

{¶ 10} Kendrick asserts seven assignments of error herein. We will consider his first four assignments of error together. They are as follows:

THE DAYTON MUNICIPAL COURT LACKED THE POWER & AUTHORITY TO ISSUE A SEARCH & SEIZURE WARRANT TO COLLECT THE DEFENDANT'S D.N.A. OUTSIDE THE DAYTON MUNICIPAL COURT TERRITORIAL JURISDICTION. THIS VIOLATED THE DEFENDANT'S FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS RIGHTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10, 14, AND 16 TO THE OHIO CONSTITUTION.

And,

THE MUNICIPAL COURT VIOLATED THE DEFENDANT'S FOURTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSITUTION IN ISSUING A SEARCH & SEIZURE WARRANT WITHOUT PROBABLE CAUSE BY A NEUTRAL AND DETACHED MAGISTRATE.

And,

THE DAYTON POLICE DEPARTMENT DETECTIVE PHILLIP OLINGER VIOLATED THE DEFENDANT'S FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS RIGHTS TO THE UNITED STATES

CONSTITUTION AND ARTICLE I, SECTIONS 10, 14, AND 16 [O]F THE OHIO CONSTITUTION AND THE OHIO RULES OF CRIMINAL PROCEDURE 41.

And,

THE TRIAL COURT VIOLATED THE APPELLANT'S FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10, 14, & 16 TO THE OHIO CONSTITUTION FOR ALLOWING THE STATE OF OHIO TO PRESENT THE "CONSENT" EXCEPTION TO THE WARRANTLESS SEARCH & SEIZURE CONDUCTED ON THE DEFENDANT. EASING THE STATE OF OHIO BURDEN OF PROOF.

**{¶ 11}** "We review a trial court's decision on a post-sentence motion to withdraw guilty plea * * * for an abuse of discretion. * * *." *State v. Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431, ¶ 11. "The lynchpin of abuse-of-discretion review is the determination whether the trial court's decision is reasonable. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990)." *State v. Chase*, 2d Dist. Montgomery No. 26238, 2015–Ohio–545, ¶ 17.

**{¶ 12}** Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." As this Court has previously noted:

The manifest injustice standard demands a showing of extraordinary

circumstances. *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. Further, the defendant has the burden to prove the existence of manifest injustice. *Id.*

The term *injustice* is defined as "the withholding or denial of justice. In law, the term is almost invariably applied to the act, fault, or omission of a court, as distinguished from that of an individual." Black's Law Dictionary, 5th Ed. A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.

Crim.R. 32.1 derives from the court's inherent power to vacate its own prior orders when justice so requires. In that regard, it is comparable to Civ.R. 60(B), which contemplates equitable relief from a final order subject to certain defects. In this context, it is noteworthy that Civ.R. 60(B) relief is not a substitute for appellate review of prejudicial error. *Doe v. Trumbull Cty. Children's Services Bd.* (1986), 28 Ohio St.3d 128, 502 N.E.2d 605. We believe that the same bar reasonably applies to Crim.R. 32.1.

*State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999).

**{¶ 13}** As the State notes, Kendrick's first four arguments address suppression issues, and they are not addressed to his guilty pleas. As noted above, Kendrick filed a motion to suppress, which the trial court overruled. As this court has previously noted, "[i]n general, a guilty plea waives all claims of error preceding the plea except claims of

ineffective assistance of counsel sufficient to cause the defendant's guilty plea to be less than knowing and voluntary. *State v. Kidd*, 2d Dist. Clark No. 03CA43, 2004-Ohio-6784, ¶ 16." *State v. Guerry*, 2d Dist. Clark No. 2015-CA-30, 2016-Ohio-962, ¶ 6. Kendrick's first four assigned errors are waived, a manifest injustice is not demonstrated, and his first four assigned errors are accordingly overruled.

**{¶ 14}** Kendrick's fifth assignment of error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ACCEPTED THE APPELLANT[']S GUILTY PLEAS & SENTENCED THE APPELLANT TO A DISMISSED INDICTMENT VIOLATING THE APPELLANT[']S 5TH, 6TH, AND 14TH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION ARTICLE I, SECTIONS 5, 10, AND 16.

**{¶ 15}** Kendrick's fifth assignment of error, challenging the validity of his indictment, is also waived by his guilty plea. We further note, as the State asserts, the record before us belies Kendrick's assertion that he was sentenced to prison on a dismissed indictment. The record reflects that at the beginning of trial on January 24, 2005, the State requested that the "C" Indictment be dismissed without prejudice based upon loss of contact with the victim therein. Defense counsel objected and requested that the "C" Indictment be dismissed with prejudice. The court indicated that the dismissal would be without prejudice and requested that the State provide an entry for the court's signature.

**{¶ 16}** The following exchange subsequently occurred prior to Kendrick's plea:

THE COURT: The record needs to reflect that we are on the record

again, present in the courtroom. Mr. Kendrick and his attorney obviously are present, and we are present after the first day of this trial. A jury has been picked, opening statements have occurred, and one witness, Mrs. [F.] has testified.

Following that testimony or actually before Mrs. [F.'s] testimony, there was some indication by Mr. Hodge on behalf of Mr. Kendrick of some desire to resume plea negotiations. That has occurred, and I believe we have arrived at a certain understanding regarding what counts Mr. Kendrick will plead guilty to. And Mr. Patzer, I will allow you to state that for the record.

MR. PATZER: May it please the Court, it's my understanding at this time the defendant intends to withdraw his former plea of not guilty and enter a plea of guilty to count one of the A indictments, a rape count for the victim [B.M.]. Count 5 of the A indictment, rape count of the victim [T.R.]. Count 9 of the A indictment, rape count, victim [E.S.]. Count 12 of the A indictment, a rape count with the victim [S. B.]. In the B indictment, Count 1, a rape count charging a rape with the victim [S.E.], and Count 11 of the B indictment, a rape count with the victim [T.J.], Count 1 of the C indictment, a rape charge, victim [A.L.].

Your Honor, in regard to the C indictment of [A.L.], we - - we're going to dismiss that without prejudice. This morning made an oral motion I take it by proceeding here today that we're going to be allowed to withdraw the dismissal. It hasn't been journalized, so officially it hasn't been dismissed

in all events. But for purposes of facilitating a plea here today, that matter would be before the Court to withdraw the dismissal, withdrawing without objection.

Let me state for the record charges that will be dismissed, if it please the Court. Count 2; Count 3 has already been dismissed; Count 4; Count 6, again of the A indictment; Count 7 has already been dismissed; Count 8, again of the A indictment; Count 10 and 11 of the A indictment; Count 13; Count 14 having been previously dismissed. Of the B indictment Count 2, 3, 4, 5, 6, 7, 8, 9, 10 of the B indictment dismissed, and Count 12. And of the C indictments Count 2 again to be dismissed.

THE COURT: Mr. Hodge, I believe that's a fair and accurate representation or recitation, if you will, of the plea negotiations which have occurred.

MR. HODGE: That is correct, your Honor, including the representation with regard to the C indictment count, and we are looking to foreclose that count also today.

THE COURT: Right, and so what will happen then there will be a plea on that C indictment which was, as I recall, December 1 or thereabouts of 2004 regarding Ms. [L.]

MR. HODGE: Yes, sir. Yes. Sir. And with regard to the count, that makes six counts under the old law, one count under the new law - -

THE COURT: That's correct.

MR. HODGE: - - and Ms. [B.'s] count, which was Count 12, your

Honor, and Shawn's withdrawing his former pleas of not guilty and entering pleas of guilty to the counts.

THE COURT: And Mr. Kendrick, is that what you want to do this afternoon?

THE DEFENDANT: Yes, sir.

* * *

MR. PATZER: And in Count 1 of the B indictment - - or the C indictment, pardon me, the People are prepared to prove beyond a reasonable doubt that on or about the 5th day of May, 1996, in Montgomery County, the defendant Shawn D. Kendrick did engage in sexual conduct with another, [A.L.], by purposely compelling her to submit by force or threat of force, contrary to the Ohio Revised Code.

THE COURT: And finally as to Ms. [L.], again, do you understand that's the nature of the conduct that you're pleading guilty to?

THE DEFENDANT: Yes, sir.

Tr. of Proceedings, Jury Trial and Plea (Jan. 24, 2005), pgs. 76-78, 83-84.

{¶ 17} Kendrick's fifth assigned error is not only waived but it also lacks merit. The above colloquy demonstrates that only Count 2 of the C indictment, and not the entirety thereof, was dismissed, and Kendrick pled guilty to Count 1 of the C indictment. The colloquy further reflects that Kendrick acknowledged his understanding of the nature of his conduct as represented in Count 1 of the C indictment. Accordingly, Kendrick's fifth assignment of error is overruled.

{¶ 18} Kendrick's sixth assignment of error is as follows:

THE APPELLANT'S GUILTY PLEA WAS INVOLUNTARY AND UNKNOWING WHEN THE TRIAL COURT FAILED TO SUBSTANTIALLY COMPLY WITH CRIM.R. 11 BY NOT INFORMING THE APPELLANT OF THE PUNITIVE CONSEQUENCES OF HIS PLEA.

{¶ 19} Kendrick asserts that the trial court failed to advise him that "by pleading guilty the appellant would be labeled a sexual predator." Since Kendrick's sixth assignment of error could have been raised on direct appeal or in a petition for post-conviction relief, a manifest injustice is not demonstrated. This assigned error is further belied by the record before us, which reflects that the court advised Kendrick that "given the rape charges that you're pleading guilty to, Mr. Kendrick, you must also be classified as an aggravated sexually-oriented offender, which means that you have under that classification * * * which is mandatory you will have upon any release from prison, you'll have lifetime reporting requirements." The court further advised Kendrick of his registration and reporting duties, and that he "cannot live within 1000 feet of any school." Finally, the court advised Kendrick that "if you fail to register or if you fail to give the notification as required, that could be a new criminal offense that you could be charged and convicted of." Kendrick acknowledged his understanding of the court's advisement, and his March 7, 2005 Judgment Entry of Conviction provides that he "is designated as a Sexual Predator," and that he was advised of his "requirement to register as a sex offender." Kendrick's sixth assignment of error is overruled.

{¶ 20} Kendrick's seventh assignment of error is as follows:

THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL & APPELLATE COUNSEL MR. JAY ADAMS BY

NOT INFORMING THE APPELLANT WHEN THE TRIAL TRANSCRIPTS WAS [sic] FILED WITH THE SECOND APPELLATE DISTRICT CLERK OF COURT.

**{¶ 21}** As the State notes, this argument was not raised before the trial court, and it is not properly before us. *State v. Lehman*, 2d Dist. Champaign No. 2014-CA-17, 2015-Ohio-1979, ¶ 14 ("It is well-established that issues raised for the first time on appeal are not properly before this court and will not be addressed. * * *.") Further, Kendrick's final argument is not addressed to the withdrawal of Kendrick's pleas. Kendrick's seventh assigned error is accordingly overruled.

**{¶ 22}** Having overruled Kendrick's seven assigned errors, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Meagan D. Woodall
Shaun D. Kendrick, Sr.
Montgomery County Common Pleas Court
c/o Hon. Mary Katherine Huffman, Administrative Judge