**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Kendrick v. Parker*, Slip Opinion No. 2020-Ohio-1509.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1509

THE STATE EX REL. KENDRICK, APPELLANT, *v.* PARKER, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Kendrick v. Parker*, Slip Opinion No. 2020-Ohio-1509.]**

*Mandamus—Res judicata bars inmate's claim—Court of appeals' judgment denying writ affirmed.*

(No. 2019-1276—Submitted February 11, 2020—Decided April 21, 2020.)

APPEAL from the Court of Appeals for Montgomery County, No. 28098.

———————————

**Per Curiam.**

{¶ 1} Appellant, Shaun D. Kendrick Sr., appeals the judgment of the Second District Court of Appeals denying his request for a writ of prohibition and/or mandamus against appellee, Montgomery County Court of Common Pleas Judge E. Gerald Parker Jr. We affirm the court of appeals' judgment.

**Background**

{¶ 2} In 2004, a Montgomery County grand jury issued three indictments charging Kendrick with multiple counts of rape and other offenses. The third indictment ("Indictment C") charged Kendrick with one count of rape and one count of kidnapping. In 2005, Kendrick pled guilty to seven counts of first-degree felony rape, including the rape count charged in Indictment C. The trial court sentenced him to five consecutive terms of 10 to 25 years in prison, one concurrent prison term of 10 to 25 years, and one consecutive prison term of 10 years. The court of appeals affirmed his convictions and sentences. *State v. Kendrick*, 2d Dist. Montgomery No. 20965, 2006-Ohio-311.

{¶ 3} On May 17, 2006, this court reversed the Second District's judgment based on *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 (declaring parts of Ohio's felony-sentencing scheme unconstitutional), and remanded the case for resentencing. *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 411, 2006-Ohio-2394, 848 N.E.2d 809, ¶ 1, 19. At the resentencing hearing, the trial court reimposed the same sentences it had originally imposed.

{¶ 4} On August 22, 2018, Kendrick filed a petition for a writ of prohibition and/or mandamus against Judge Erik Blaine, the successor to the judge who sentenced Kendrick, alleging that the sentencing court patently and unambiguously lacked jurisdiction to sentence him for the rape offense charged in Indictment C because the prosecutor had dismissed Indictment C. Judge Blaine filed a motion to dismiss for failure to state a claim.

{¶ 5} The court of appeals denied Judge Blaine's motion and ordered him to file an answer to Kendrick's complaint. Judge Parker, who had succeeded Judge Blaine, subsequently filed a motion for summary judgment, arguing that Kendrick's claim, if true, would demonstrate only an error in the sentencing court's exercise of jurisdiction rather than a lack of jurisdiction.

{¶ 6} On August 19, 2019, the court of appeals granted summary judgment in favor of Judge Parker, for two reasons: (1) Kendrick failed to demonstrate that the sentencing court patently and unambiguously lacked jurisdiction or that he lacked an adequate remedy at law and (2) res judicata barred Kendrick's claim. Kendrick appealed to this court as of right.

**Legal Analysis**

{¶ 7} The doctrine of res judicata "involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). Regarding claim preclusion, "a final judgment or decree, rendered on the merits by a court of competent jurisdiction, is a compete bar to any subsequent action on the same claim between the same parties or those in privity with them." *State ex rel. Robinson v. Huron Cty. Court of Common Pleas*, 143 Ohio St.3d 127, 2015-Ohio-1553, 34 N.E.3d 903, ¶ 5, citing *Grava* at 381.

{¶ 8} In 2015, Kendrick filed a motion to withdraw his guilty pleas, arguing that "the 'C' indictment herein was dismissed and the trial court abused its discretion in allowing the defendant to plead guilty to said indictment." *State v. Kendrick*, 2d Dist. Montgomery No. 27133, 2017-Ohio-1306, ¶ 7. The trial court denied the motion, and the court of appeals affirmed, concluding that "the record before [it] belie[d] Kendrick's assertion that he was sentenced to prison on a dismissed indictment," *id.* at ¶ 15. Therefore, the court of appeals in this case correctly determined that Kendrick's claim is barred by res judicata.

{¶ 9} Because we resolve this case on the grounds of res judicata, we need not address the merits of Kendrick's propositions of law.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Shaun D. Kendrick Sr., pro se.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Anne M. Jagielski, Assistant Prosecuting Attorney, for appellee.

_____