[Cite as *State v. Collins*, 2022-Ohio-3046.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :
CITY OF WESTLAKE,

      Respondent, :

                                    No. 111501

      v. :

CARL A. COLLINS, JR., :

      Relator. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** August 26, 2022

---

Writ of Mandamus
Motion No. 556106
Order No. 557352

---

### *Appearances:*

Michael P. Maloney, Westlake Director of Law, and John J. Spellacy, Assistant Prosecuting Attorney, *for respondent*.

Carl A. Collins, Jr., *pro se*.

EMANUELLA D. GROVES, J.:

{¶ 1} Carl A. Collins, the relator, has filed a complaint for a writ of mandamus. Collins seeks an order from this court that requires the city of Westlake, the respondent, to issue a ruling with regard to a motion for dismissal based upon a

speedy trial violation in Rocky River M.C. No. 17-TRC-07964. The city of Westlake has filed a motion to dismiss that is granted for the following reasons. Disposition of the complaint for mandamus is based upon procedural defects contained in the complaint and a substantive review of the complaint for mandamus.

## I. Procedural Defects

### A. Failure to comply with Civ.R. 10(A)

{¶ 2} Initially, we find that the complaint for a writ of mandamus is improperly captioned. Collins has failed to comply with Civ.R. 10(A), which requires that the complaint must include the addresses of all parties. *Bandy v. Villanueva*, 8th Dist. Cuyahoga No. 96866, 2011-Ohio-4831; *Clarke v. McFaul*, 8th Dist. Cuyahoga No. 89447, 2007-Ohio-2520.

### B. Improper Caption

{¶ 3} We also find that Collins's complaint is defective because it is improperly captioned. Collins styled this action as "State of Ohio, City of Westlake v. Carl A. Collins, Jr." Pursuant to R.C. 2731.04, a complaint for a writ of mandamus must be brought in the name of the state on relation of the person applying for the original action. *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766; *State ex rel. Simms v. Sutula*, 81 Ohio St.3d 110, 689 N.E.2d 564 (1998); *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962). Despite the aforesaid procedural defects, a substantive review of the complaint for mandamus fails to demonstrate the existence of any legal basis for this court to issue a writ of mandamus.

## II.  Mandamus Requirements and Analysis

### A. Standards for Granting a Writ of Mandamus

{¶ 4}  The complaint for a writ of mandamus fails to state a claim upon which relief can be granted.  In order for this court to issue a writ of mandamus, Collins must demonstrate: (1) that Collins possesses a clear legal right to the relief prayed for, (2) that the city of Westlake possess a clear legal duty to perform the requested act, and (3) that there exists no plain and adequate remedy in the ordinary course of the law.  *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 451 N.E.2d 225 (1983); *State ex rel. Westchester Estates, Inc. v. Bacon*, 61 Ohio St.2d 42, 399 N.E.2d 81 (1980); *State ex rel. Heller v. Miller*, 61 Ohio St.2d 6, 399 N.E.2d 66 (1980); *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 374 N.E.2d 641 (1978)

### B. Failure to Establish Claim for Mandamus

{¶ 5}  A thorough review of the complaint for mandamus fails to reveal that Collins has established a clear legal right or that the city of Westlake possesses any legal duty to rule on any motions.  *State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510; *State ex rel. Woods v. Gagliardo*, 49 Ohio St.2d 196, 360 N.E.2d 705 (1977).

### C. Application of Doctrine of Res Judicata

{¶ 6}  In addition, the doctrine of res judicata operates to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction.  *State ex rel. Kroger Co. v. Indus. Comm.*, 80 Ohio St.3d 649, 651, 687 N.E.2d 768 (1998); *Office*

*of Consumers' Counsel v. Pub. Util. Com.*, 16 Ohio St.3d 9, 10, 475 N.E.2d 782 (1985).  Herein, Collins possessed an adequate remedy in the ordinary course of the law through an appeal.  Collins did file an appeal in which the issue of speedy trial was addressed:

> In the seventh assignment of error, Collins argues his right to a speedy trial was violated.
>
> R.C. 2945.71(B)(2) provides that a defendant charged on a first-degree misdemeanor must be brought to trial within 90 days after arrest or service of summons.  The statutory speedy trial period begins to run on the date the defendant is arrested, although the date of arrest is not counted when calculating speedy trial time.  *State v. Wells*, 8th Dist. Cuyahoga No. 98388, 2013-Ohio-3722, ¶ 44.  If the defendant is not arrested for the offense, speedy trial time begins on the day he is served with the indictment.  *State v. Pirkel*, 8th Dist. Cuyahoga No. 93305, 2010-Ohio-1858, ¶ 12.
>
> Speedy trial time may, however, be tolled by certain events delineated in R.C. 2945.72. These events include: delay "necessitated by the accused's lack of counsel"; delay "necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused, and any continuances granted upon the accused's own motion"; the "period of any continuance granted on the accused's own motion" as well as the period of "any reasonable continuance granted" upon any other party's motion; and the time during which an appeal is pending. R.C. 2945.72(C), (E), (H), and (I).
>
> In addition, a defendant's demand for discovery tolls the speedy trial time until the state responds to the discovery, or for a reasonable time, whichever is sooner.  *State v. Burks*, 8th Dist. Cuyahoga No. 106639, 2018-Ohio-4777, citing *State v. Shabazz*, 8th Dist. Cuyahoga No. 95021, 2011-Ohio-2260, ¶ 26, 31; R.C. 2945.72(E). This court has interpreted a "reasonable response time" to mean 30 days.  *See Shabazz* at ¶ 26.  However, what is reasonable or necessary is determined on a case-by-case basis.  *Pirkel* at ¶ 17, citing *State v. Saffell,* 35 Ohio St.3d 90, 518 N.E.2d 934 (1988).
>
> In the instant case, the record indicates Collins was arrested on December 2, 2017.  The record also indicates that on January 30, 2018,

all parties agreed to a trial date of February 28, 2018, and Collins was in fact brought to trial on that date. The record also indicates that Collins filed his demand for discovery on December 29, 2017, which tolled the speedy trial time until January 9, 2018, when the city of Westlake responded.

By our calculation, without deducting the days that were tolled as a result of Collins's demand for discovery, he was brought to trial two days prior to the expiration of 90 days. As a result, Collins's right to a speedy trial was not violated.

Collins contends he should be awarded three days for each day he was incarcerated. However, Collins has misinterpreted R.C. 2945.72(E), which provides that each day a defendant is held in jail on a pending charge shall be counted as three days towards the requisite speedy trial time. This statute applies only to defendants held in jail in lieu of bail solely on the pending charge. *State v. Butler*, 8th Dist. Cuyahoga No. 85366, 2005-Ohio-4122, citing *State v. Martin*, 56 Ohio St.2d 207, 383 N.E.2d 585 (1978), citing *State v. MacDonald*, 48 Ohio St.2d 66, 357 N.E.2d 40 (1976).

Here, Collins was in jail on a probation violation, in a separate case, which bears no relationship to the pending charge. Therefore, his reliance on R.C. 2945.72(E) is misplaced. Accordingly, the seventh assignment of error is overruled.

*Westlake v. Collins*, 8th Dist. Cuyahoga No. 106968, 2019-Ohio-453, ¶ 15-22.

{¶ 7} The doctrine of res judicata bars Collins from maintaining his mandamus action based upon a claim of lack of speedy trial in Rocky River M.C. No. 17-TRC-07964. *State ex rel. Kendrick v. Parker*, 160 Ohio St.3d 448, 2020-Ohio-1509, 158 N.E.3d 573; *State ex rel. Phelps v. McClelland*, 8th Dist. Cuyahoga No. 108021, 2019-Ohio 2448; *State ex rel. McNamara v. Rittman*, 9th Dist. Wayne No. 08CA0011, 2009-Ohio-911.

{¶ 8} Accordingly, we grant the motion to dismiss. Costs to Collins. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 9} Complaint dismissed.


_____
EMANUELLA D. GROVES, JUDGE

ANITA LASTER MAYS, P.J., and
MARY J. BOYLE, J., CONCUR